### LEWIS R. CURTIS v. BURREL S. BLACKETER.

Though the amount in dispute between the original parties to a suit commenced by attachment be under three hundred dollars, yet if a third party intervenes and claims the property attached, which exceeds that amount in value, such intervention vests the Supreme Court with jurisdiction, and the case may be appealed.

APPEAL from the District Court of the Parish of St. Mary, *Voorhies*, J. *A. L. Tucker*, for plaintiff. *H. C. Wilson*, for intervenor and appellant.

COLE, J. A motion has been made to dismiss this appeal, on the ground that the action is for less than three hundred dollars.

The record, however, shows that one *Wilson* intervened in the suit, which commenced by attachment, and claimed title to the property attached, being of the value of several thousand dollars. The contest, in this court is not the original judgment of plaintiff against defendant ; but the ownership of property in value within our jurisdiction, the title to which is averred to be not in the judgment debtor, but in the intervenor.

This is a different question from that decided in *Holland* v. *Duchamp*, 12 A. 784. In that case the judgment debtor sought to obtain relief in this court from a judgment where the amount in contestation was *dehors* our jurisdiction, on the grounds, that his property seized to satisfy the judgment exceeded in value three hundred dollars, and that he had suffered damages over that amount, by the premature and illegal issuing of an order of seizure and sale for an amount less than $300 00. The title of the property seized was in the judgment debtor ; and his right to the same was not disputed, so that the only contestation was as to the correctness of a judgment not subject to our jurisdiction.

The motion to dismiss is overruled.

The decision of this suit on its merits depends upon the same principles as those decided in the case of *Daujean & Brother* v. *B. S. Blacketer*, just decided. For the reasons given therein.

It is ordered, adjudged and decreed, that the judgment be affirmed, with costs.